JOHNSON *et al.*, Respondents, v. JOHN DEVLIN, Appellant.

1. The adjudging of costs under sec. 12, Rev. Code, 1855, p. 443, when the plaintiff's demand is reduced by proof of payments below the jurisdiction of the court, is not subject to any inflexible rule, and must be left to the discretion of the court.

*Garesché, Garesché & Farish*, for appellants.

*Knox, Smith & Sedgwick*, for respondents.

BATES, Judge, delivered the opinion of the court.

This case was heretofore submitted to the court, and an opinion prepared by Judge Ewing, in which Judge Napton

concurred, but no judgment was entered. The parties, before knowing what that opinion is, have agreed that judgment may be entered in accordance with it.

The judgment below is therefore affirmed, all the judges concurring.

EWING, Judge.

The only point in this case relates to the costs. The suit was on a bill of exchange for $363.54, on which credits were entered for $188, and a balance of $175 claimed as due. The defendant proved on the trial payments which reduced the sum recovered, exclusive of interest, below the jurisdiction of the court.

The statute in such case—the action being founded on a contract—declares that the cost shall be adjudged against the plaintiff, unless the court shall be of opinion from the evidence that he had at the time of the commencement of the suit reasonable grounds to believe that he was justly entitled to recover judgment for an amount within the jurisdiction of the court. (R. S. p. 443, § 12.) The matter of costs is thus left to the discretion of the court, and no inflexible rule can be laid down by which it is to be exercised. From the facts before us we can not say the court erred in refusing to tax the costs against the plaintiff.

Judgment affirmed, Judge Napton concurring.